**[Rule 1915.11-1. Elimination of Parenting Coordination.**

**Only judges may make decisions in child custody cases. Masters and hearing officers may make recommendations to the court. Courts shall not appoint any other individual to make decisions or recommendations or alter a custody order in child custody cases. Any order appointing a parenting coordinator shall be deemed vacated on the date this rule becomes effective. Local rules and administrative orders authorizing the appointment of parenting coordinators also shall be deemed vacated on the date this rule becomes effective.]**

**---The text below replaces the current rule ---**

**Rule 1915.11-1. Parenting Coordination.** If a judicial district implements a parenting coordination program, the court shall maintain a roster of qualified individuals to serve as parenting coordinators and establish the hourly rate at which parenting coordinators shall be compensated. The parenting coordinator shall attempt to resolve issues arising out of the custody order by facilitating an agreement between the parties and, if unable to reach an agreement, recommend a resolution to the court.

(a)     Appointment of a Parenting Coordinator.

(1)     After a final custody order has been entered, a judge may appoint a parenting coordinator to resolve parenting issues in cases involving repeated or intractable conflict between the parties affecting implementation of the final custody order. A parenting coordinator should not be appointed in every case. The appointment may be made on the motion of a party or the court's motion.

(2)     Unless the parties consent and appropriate safety measures are in place to protect the participants, including the parenting coordinator and other third parties, a parenting coordinator shall not be appointed if:

(i)     the parties to the custody action have a protection from abuse order in effect;

(ii)     the court makes a finding that a party has been the victim of domestic violence perpetrated by a party to the custody action, either during the pendency of the custody action or within 36 months preceding the filing of the custody action; or

(iii)     the court makes a finding that a party to the custody action has been the victim of a personal injury crime, as defined in 23

Pa.C.S. § 3103, which was perpetrated by a party to the custody action.

(iv)    If a party objects to the appointment of a parenting coordinator based on an allegation that the party has been the victim of domestic violence perpetrated by a party to the custody action, the court shall have a hearing on the issue and may consider abuse occurring beyond the 36 months provided in subdivision (a)(2)(ii).

(3)    The appointment of a parenting coordinator shall be for a specified period, which shall not exceed 12 months.  A party may petition the court for an extension of the appointment or the court in its discretion may extend the appointment for an additional period.

(4)    If the parenting coordinator seeks to withdraw from service in a case, the parenting coordinator shall petition the court and provide a copy of the petition to the parties or the parties' attorneys.

(5)    The parenting coordinator shall set forth in a separate written agreement with the parties:

(i)      the amount of any retainer;
(ii)     the hourly rate to be charged;
(iii)    the process for invoices and payment for services;
(iv)    information on the parenting coordination process; and
(v)     provide a signed copy of the agreement to the parties before initiating any services.

*Note:*  The parenting coordinator shall include in the parties' written agreement the hourly rate established by the judicial district.

(b)    Qualifications of the Parenting Coordinator.

(1)    A parenting coordinator shall be licensed to practice in the Commonwealth of Pennsylvania as either an attorney or a mental health professional with a master's degree or higher.  At a minimum, the parenting coordinator shall have:

(i)      practiced family law for five years or have five years of professional post-degree experience in psychiatry, psychology, counseling, family therapy, or other comparable behavioral or social science field; and

2

(ii)    specialized training by a provider approved or certified by the American Psychological Association, Pennsylvania Psychological Association, American Bar Association, Pennsylvania Bar Association, Pennsylvania Bar Institute, or American Academy of Matrimonial Lawyers.  The training shall include:

(A)    five hours in the parenting coordination process;

(B)    ten hours of family mediation;

(C)    five hours of training in domestic violence; and

(D)    in each two-year period after the initial appointment, ten continuing education credits on any topic related to parenting coordination with a minimum of two hours on domestic violence.

(2)    An attorney or a mental health professional seeking an appointment as a parenting coordinator:

(i)    shall sign an affidavit attesting that he or she has met the qualifications outlined in (b)(1);

(ii)    shall submit the affidavit to the president judge or administrative judge of the judicial district where the parenting coordinator is seeking appointment; and

(iii)    after submission of the initial affidavit, a parenting coordinator shall submit a new affidavit every two years attesting that he or she continues to meet the qualifications for a parenting coordinator outlined in (b)(1).

(c)    Appointment Order.  The parenting coordinator's authority as delineated in subdivision (d) shall be included in the order appointing the parenting coordinator, which shall be substantially in the form set forth in Pa.R.C.P. No. 1915.22.

(d)    Scope of Authority of the Parenting Coordinator.  The parenting coordinator shall have the authority to recommend resolutions to the court on issues related to the custody order if the parties are unable to reach an agreement.

3

(1)     To implement the custody order and resolve related parenting issues about which the parties cannot agree, the parenting coordinator is authorized to recommend resolutions to the court about issues that include, but are not limited to:

(i)     places and conditions for custodial transitions between households;

(ii)     temporary variation from the custodial schedule for a special event or particular circumstance;

(iii)     school issues, apart from school selection;

(iv)     the child(ren)'s participation in recreation, enrichment, and extracurricular activities, including travel;

(v)     child-care arrangements;

(vi)     clothing, equipment, toys, and personal possessions of the child(ren);

(vii)     information exchanges (e.g., school, health, social) between the parties and communication with or about the child(ren);

(viii)     coordination of existing or court-ordered services for the child(ren) (e.g., psychological testing, alcohol or drug monitoring/testing, psychotherapy, anger management);

(ix)     behavioral management of the child(ren); and

(x)     other related custody issues that the parties mutually have agreed in writing to submit to the parenting coordinator, which are not excluded in subdivision (d)(2).

(2)     The following issues are excluded from the parenting coordinator's scope of authority:

(i)     a change in legal custody as set forth in the custody order;

(ii)     a change in primary physical custody as set forth in the custody order;

(iii)     except as set forth in subdivision (d)(1)(ii), a change in the court-ordered custody schedule that reduces or expands the child(ren)'s time with a party;

(iv)     a change in the residence (relocation) of the child(ren);

(v)     determination of financial issues, other than allocation of the parenting coordinator's fees as set forth in subdivision (g)(1);

(vi)     major decisions affecting the health, education, or religion of the child(ren); and

(vii)     other issues limited by the appointing judge.

4

(3)     Unless the parties consent, the parenting coordinator shall not contact collateral sources or speak with the child(ren) and to effectuate this provision, the parties shall execute releases, as necessary, authorizing the parenting coordinator to communicate with the appropriate individuals.  Any communication with the collateral sources or child(ren)shall be limited to the issue(s) currently before the parenting coordinator.

(e)     Communications.  No Testimony.

(1)     Communication between the parties or the parties' attorneys and the parenting coordinator is not confidential.

(2)     A party or a party's attorney may communicate in writing with the parenting coordinator, but shall contemporaneously send a copy of the written communication to the other party or the other party's attorney.  Documents, recordings, or other material that one party gives to the parenting coordinator shall be promptly made available to the other party or the other party's attorney for inspection and copying.

(3)     The parties and their attorneys may receive, but not initiate, oral *ex parte* communication with the parenting coordinator. A parenting coordinator may initiate oral communication with a party or party's attorney, but shall promptly advise the other party or the other party's attorney of the communication.

(4)     Communication between the parenting coordinator and the court shall be in writing and copies of the written communication shall be sent contemporaneously to the parties or the parties' attorneys.

(5)     A party cannot compel the testimony of a parenting coordinator without an order of court.

(f)     Recommendations. Objecting to the Recommendation. Judicial Review. Record Hearing.

(1)     The parenting coordinator shall provide to the parties notice and an opportunity to be heard on the issues.

(2)     The parenting coordinator's recommendation shall be in writing on the Summary and Recommendation of the Parenting Coordinator form set forth in Pa.R.C.P. No. 1915.23 and sent to the court for review within two days after hearing from the parties on the issues.  The parenting coordinator shall serve a copy of the Summary and Recommendation on the parties or the parties' attorneys.

(3) A party objecting to the recommendation shall file a petition for a record hearing before the court within five days of service of the Summary and Recommendation of the Parenting Coordinator form. The petition must specifically state the issues to be reviewed and include a demand for a record hearing. A copy of the recommendation shall be attached to the petition. In accordance with Pa.R.C.P. No. 440, the objecting party shall serve the petition on the other party or the other party's attorney and the parenting coordinator.

(4) If the parties do not file an objection within five days of service of the parenting coordinator's recommendation, the court shall:

(i) approve the recommendation;
(ii) approve the recommendation in part and conduct a record hearing on issues not approved;
(iii) remand the recommendation to the parenting coordinator for more specific information; or
(iv) not approve the recommendation and conduct a record hearing on the issues.

(5) As soon as practical, the court shall conduct a record hearing on the issues specifically set forth in the petition. The court shall render a decision within the time set forth in Pa.R.C.P. No. 1915.4(d).

(6) If a party makes a timely objection, the recommendation shall become an interim order of court pending further disposition by the court.

(g) Fees.

(1) The appointing judge shall allocate between the parties the fees of the parenting coordinator. The parenting coordinator may reallocate the fees, subject to the approval of the court, if one party has caused a disproportionate need for the services of the parenting coordinator.

(2) To limit the financial burden on the parties, a parenting coordinator should meet with the parties only upon a request of a party to resolve an issue about which the parties disagree.

(3) Waiver of fees or reduced fees. Judicial districts implementing a parenting coordination program shall effectuate a policy or program by local rule so that indigent or low-income parties may participate in the parenting coordination program at a reduced fee or no fee.

6

**Rule 1915.22. Form of Order Appointing Parenting Coordinator.** The order appointing a parenting coordinator pursuant to Pa.R.C.P. No. 1915.11-1 shall be in substantially the following form:

(Caption)

ORDER OF COURT

AND NOW, this _____ day of _____, 20__, it is hereby ordered as follows:


1.      APPOINTMENT AND TERM:

Pursuant to Pa.R.C.P. No. 1915.11-1, _____ is appointed as the parties' parenting coordinator for a term of _____ months (not exceeding 12 months).

Legal counsel for _____, or either party, if unrepresented, shall provide copies of all orders, pleadings and custody evaluations in this case to the parenting coordinator within ten (10) days of the date of this order.


2.      ROLE OF THE PARENTING COORDINATOR:

(a)      The parenting coordinator shall attempt to resolve issues arising out of the custody order by facilitating an agreement between the parties and, if unable to reach an agreement, recommend a resolution to the court.

(b)      The parenting coordinator shall not function as the attorney, advocate, counselor, or psychotherapist for the parties, the parties' child(ren), or family. However, the parenting coordinator is permitted and encouraged to facilitate communication and agreement between the parties when conflicts arise and shall always act in a manner conducive to the best interests of the child(ren).


3.      PARENTING COORDINATOR'S SCOPE OF AUTHORITY:

To implement the custodial arrangement set forth in the custody order and resolve related parenting issues about which the parties cannot agree, the parenting coordinator is authorized to recommend resolutions to the court about issues that include, but are not limited to:

7

(a)     places and conditions for transitions between households;

(b)     temporary variation from the schedule for a special event or particular circumstance;

(c)     school issues, apart from school selection;

(d)     the child(ren)'s participation in recreation, enrichment, and extracurricular activities, including travel;

(e)     child-care arrangements;

(f)     clothing, equipment, toys, and personal possessions of the child(ren);

(g)     information exchanges (e.g., school, health, social) and communication with or about the child(ren);

(h)     coordination of existing or court-ordered services for the child(ren) (e.g., psychological testing, alcohol or drug monitoring/testing, psychotherapy, anger management);

(i)     behavioral management of the child(ren); and

(j)     other related custody issues that the parties mutually have agreed in writing to submit to the parenting coordinator, which are not excluded in Paragraph 4.

4.     EXCLUSIONS FROM PARENTING COORDINATOR'S AUTHORITY:

(a)     The following specific issues are excluded from the parenting coordinator's scope of authority:

(1)     a change in legal custody as set forth in the custody order;

(2)     a change in primary physical custody set forth in the custody order;

(3)     other than as set forth in Paragraph 3(b), a change in the court-ordered custody schedule that reduces or expands the child(ren)'s time with a party;

(4)     a change in the residence (relocation) of the child(ren);

(5)     determination of financial issues, other than allocation of the parenting coordinator's fees as set forth in Pa.R.C.P 1915.11-1(g)(1);

(6)     major decisions affecting the health, education, or religion of the child(ren); and

(7)     Other:_____

(b)     Unless the parties consent, the parenting coordinator shall not contact collateral sources or speak with the child(ren).  The parties shall execute releases, as necessary, authorizing the parenting coordinator to communicate with the appropriate individuals.  Any communication with the collateral sources or child(ren) shall be limited to the issue(s) currently before the parenting coordinator.

5.    COMMUNICATIONS:

(a)    The parenting coordinator shall determine the protocol of all communications, interviews, and sessions, including who shall attend the sessions (including the children), and whether the sessions will be conducted in person or by other means.  The protocols should include measures addressing the safety of all participants.

(b)    Communication between the parties or their attorneys and the parenting coordinator is not confidential.

(c)    The parties and their attorneys shall have the right to receive, but not initiate, oral *ex parte* communication with the parenting coordinator. The parenting coordinator shall promptly advise the other party or the other party's attorney of the communication.  A party or a party's attorney may communicate in writing with the parenting coordinator, but shall contemporaneously send a copy of the written communication to the other party or the other party's attorney.  Documents, recordings, or other material that one party gives to the parenting coordinator must be promptly made available to the other party or the other party's attorney for inspection and copying.

(d)    Communication between the parenting coordinator and the court shall be in writing and copies of the written communication shall be sent contemporaneously to the parties or the parties' attorneys.

(e)    A party cannot compel the testimony of a parenting coordinator without an order of court.


6.    PARENTING COORDINATION PROCESS:

(a)    The parenting coordinator shall provide to the parties notice and an opportunity to be heard on the issues.

(b)    The parenting coordinator's recommendation shall be in writing on the Summary and Recommendation of the Parenting Coordinator form set forth in Pa.R.C.P. No. 1915.23 and sent to the court for review within two days after hearing from the parties on the issues.  The parenting coordinator shall serve a copy of the Summary and Recommendation on the parties or the parties' attorneys.

(c)     A party objecting to the recommendation shall file a petition for a record hearing before the court within five days of service of the Summary and Recommendation of the Parenting Coordinator form.  The petition must specifically state the issues to be reviewed and include a demand for a record hearing.  A copy of the recommendation shall be attached to the petition.  In accordance with Pa.R.C.P. No. 440, the objecting party shall serve the petition upon the other party or the party's attorney and the parenting coordinator.

7.     RECORD HEARING:

(a)     If the parties do not file an objection within five days of service of the parenting coordinator's recommendation, the court shall:

(1)     approve the recommendation;
(2)     approve the recommendation in part and conduct a record hearing on issues not approved;
(3)     remand the recommendation to the parenting coordinator for more specific information; or
(4)     not approve the recommendation and conduct a record hearing on the issues.

(b)     As soon as practical, the court shall conduct a record hearing on the issues specifically set forth in the petition. The court shall render a decision within the time set forth in Pa.R.C.P. No. 1915.4(d).

(c)     If a party makes a timely objection, the recommendation shall become an interim order of court pending further disposition by the court.

8.     ALLOCATION OF FEES:

(a)     The parties will share the obligation to pay the fees of the parenting coordinator as follows:  ___% Mother,  ____% Father, ____% Third party.  Fees may be reallocated by the court or the parenting coordinator if a party has disproportionately caused the need for the services of the parenting coordinator.

(b)     The judicial district's established hourly rate for parenting coordinators shall be set forth in a separate written agreement entered into between the parties and the parenting coordinator.

(c)     The parties will pay a joint retainer to the parenting coordinator in the percentages set forth above in an amount to be set forth in a separate agreement

10

between the parties and the parenting coordinator.  After each session, or at least once monthly, the parenting coordinator shall provide the parties with an invoice of charges incurred.  The retainer may be replenished as services are rendered.  Funds remaining at the conclusion of the parenting coordinator's appointment shall be returned to the parties.

9.      TERMINATION/WITHDRAWAL OF PARENTING COORDINATOR:

(a)      The parties may not terminate the parenting coordinator's services without court approval.

(b)      A party seeking the termination of the parenting coordinator's services shall serve the other party or the party's attorney and parenting coordinator with a copy of the petition for termination.

(c)      If the parenting coordinator seeks to withdraw from service in a case, the parenting coordinator shall petition the court and provide a copy of the petition to the parties or the parties' attorneys.

10.    APPEAL:

If there is an appeal of the underlying custody order or this order, then this order shall be stayed during the pendency of the appeal.

BY THE COURT:

_____
J.

**Rule 1915.23.  Form of the Summary and Recommendation of the Parenting Coordinator.**

The recommendation of the parenting coordinator shall be in writing and shall be in substantially the following form:

(Caption)

**SUMMARY AND RECOMMENDATION
OF THE PARENTING COORDINATOR**

The undersigned, the duly appointed parenting coordinator in the above-captioned matter, pursuant to the Order of Court dated _____, 20__, after submission of the issue described below and after providing the parties with an opportunity to heard on the issue, the parenting coordinator sets forth the following:

## SUMMARY OF THE ISSUE(S)

1. Description of the issue(s):

_____
_____

2. The respective parties' position on the issue(s):

_____
_____
_____
_____

## RECOMMENDATION

_____
_____
_____
_____
_____
_____

Within five days of the date set forth below, a party may object to this recommendation by filing a petition with the court and requesting a record hearing before the judge as set forth in Pa.R.C.P. No. 1915.11-1(f)(3).

The undersigned parenting coordinator certifies that this Summary and Recommendation of the Parenting Coordinator has been served on the court and the parties or the parties' attorneys on the date set forth below

_____          _____
Date                                Parenting Coordinator

## ORDER OF COURT

## JUDICIAL REVIEW OF PARENTING COORDINATOR'S RECOMMENDATION

☐     The Recommendation is approved.

☐     The Recommendation is approved in part.  The issue(s) not approved by the court is/are: _____

_____

and a record hearing is scheduled for _____, 20___ at _____ a.m./p.m. before the undersigned.

☐     The Recommendation is remanded to the parenting coordinator for additional information on the following  issue(s): _____

_____

☐     The Recommendation is not approved and a record hearing on the issue(s) is scheduled for _____, 20___ at _____ a.m./p.m. before the undersigned.

By the Court:


_____                   _____

Date                                                            J.